UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PERKINELMER HEALTH SCIENCES, INC., ) ) Plaintiff, ) v. ) ) WATERS TECHNOLOGIES ) CORPORATION, ) ) Defendant. ) ) | Civil Action No. |

# COMPLAINT

Plaintiff PerkinElmer Health Sciences, Inc. ("PerkinElmer"), by and for its complaint against defendant Waters Technologies Corporation ("Waters"), hereby alleges as follows:

## Parties

1.  Plaintiff PerkinElmer is a Delaware Corporation with its principal place of business at 940 Winter Street, Waltham, Massachusetts 02451.

2.  Defendant Waters is a Delaware Corporation with its principal place of business at 34 Maple Street, Milford, Massachusetts 01757. Waters is in the business of making, selling and servicing mass spectrometers among other analytical instruments.

## Nature of the Action

3.  This is a civil action for the infringement of United States Patent Nos. 5,652,427 (" '427") and 5,962,851 (" '851"), and their corresponding Reexamination Certificates, U.S. 5,652,427 C1 ("RX '427") and U.S. 5,962,851 C1 ("RX '851"), respectively. The '427 and RX '427 are referred to collectively herein as the " '427 Patent" and attached together hereto as Exhibit A; the '851 and RX '851 are referred to collectively herein as the "'851 Patent" and

attached together hereto as Exhibit B. The '427 Patent and '851 Patent, both entitled "Multipole Ion Guide for Mass Spectrometry," share a common specification and priority date. The '851 issued from an application that was a continuation of the application from which the '427 issued. Waters requested reexamination of the '427 and '851 patents on April 2, 2010 and March 24, 2010, respectively, resulting in the issuance of RX '427 and RX '851, respectively.

## Jurisdiction and Venue

4. This Court has original jurisdiction over the subject matter of this action under 28 U.S.C. § 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271.

5. Defendant is subject to personal jurisdiction in this district because Waters is a citizen of the Commonwealth of Massachusetts with its principal place of business in Milford, Massachusetts. In addition, Waters has committed acts of direct infringement of one or more claims of the patents-in-suit in this district.

6. Venue in this district is proper under 28 U.S.C. §§ 1391(b)(1) & (2), 1391(c), and 1400(b) because the defendant is a resident of this district, is subject to personal jurisdiction in this district, and has committed acts of infringement in this district.

## Factual Background

7. The '427 issued to inventors Craig M. Whitehouse and Erol Gulcicek on July 29, 1997, and was initially assigned to Analytica of Branford, Inc. ("AoB").

8. The '851 issued to inventors Craig M. Whitehouse and Erol Gulcicek on October 5, 1999, and was initially assigned to AoB.

9. AoB merged with and into PerkinElmer in 2009. PerkinElmer is the owner of all right, title and interest in and to the patents-in-suit and any and all claims under them.

**First Count**

**(Waters' Infringement of the '427 Patent)**

10. PerkinElmer incorporates paragraphs 1-9 by reference as if fully alleged herein.

11. Waters makes, uses, sells, offers to sell and/or imports into the United States for subsequent sale or use, products, methods or processes that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, or which employ systems, components and/or processes that make use of systems or processes that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, one or more of the claims of the '427 Patent. Such devices include mass spectrometers, such as those within, but not limited to, Waters' Premier, Synapt, and Xevo lines of mass spectrometers, including, without limitation, its LCT Premier XE, Synapt G2 HDMS, Synapt G2 MS, Synapt MALDI G2, Synapt HDMS, Synapt MS, Q-TOF Premier, Q-TOF Micro, Xevo Q-TOF MS, and Xevo G2 Q-TOF MS mass spectrometers.

12. Waters actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce infringement of the '427 Patent by making, using, offering for sale, importing, and selling infringing mass spectrometers, all with knowledge of the '427 Patent and its claims, with knowledge that its customers will use its mass spectrometers to infringe the claims of the '427 Patent, and with knowledge and the specific intent to encourage and facilitate those infringing uses of its mass spectrometers through the creation and dissemination of promotional and marketing materials, including product manuals and technical materials.

13. Waters has had actual knowledge and notice of the '427 Patent and its infringement for years, since at least prior to seeking reexamination of the '427, and despite this knowledge continues to commit tortious conduct by way of patent infringement.

14. Waters' infringement of the '427 Patent is and has been willful.

15. PerkinElmer is entitled to recover damages adequate to compensate it for Waters' infringement.

16. PerkinElmer has suffered and will continue to suffer irreparable injuries unless Waters' infringement of the '427 Patent is enjoined.

## Second Count

### (Waters' Infringement of the '851 Patent)

17. PerkinElmer incorporates paragraphs 1-9 by reference as if fully alleged herein.

18. Waters makes, uses, sells, offers to sell and/or imports into the United States for subsequent sale or use, products that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, one or more of the claims of the '851 Patent. Such devices include mass spectrometers, such as those within, but not limited to Waters' Premier, Synapt, and Xevo lines of mass spectrometers, including, without limitation, its LCT Premier XE, Synapt G2 HDMS, Synapt G2 MS, Synapt MALDI G2, Synapt HDMS, Synapt MS, Q-TOF Premier, Q-TOF Micro, Xevo Q-TOF MS, and Xevo G2 Q-TOF MS mass spectrometers.

19. Waters actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '851 Patent by making, using, offering for sale, importing, and selling infringing mass spectrometers, all with knowledge of the '851 Patent and its claims, with knowledge that its customers will use its mass spectrometers to infringe the claims of the '427 Patent, and with knowledge and the specific intent to encourage and facilitate those infringing uses of its mass spectrometers through the creation and dissemination of promotional and marketing materials, including product manuals and technical materials.

20. Waters has had actual knowledge and notice of the '851 Patent and its infringement for years, since at least prior to seeking reexamination of the '851, and despite this knowledge continues to commit tortious conduct by way of patent infringement.

21. Waters' infringement of the '851 Patent is and has been willful.

22. PerkinElmer is entitled to recover damages adequate to compensate it for Waters' infringement.

23. PerkinElmer has suffered and will continue to suffer irreparable injuries unless Waters' infringement of the '851 Patent is enjoined.

## Prayer for Relief

WHEREFORE, PerkinElmer Health Sciences, Inc. requests the following relief:

a) A judgment that Waters Technologies Corporation has infringed and is infringing the '427 Patent;

b) A judgment that Waters Technologies Corporation has infringed and is infringing the '851 Patent;

c) An award of all appropriate damages under 35 U.S.C. § 284 for defendant's past infringement and any continuing or future infringement of the patents-in-suit;

d) An order, pursuant to 35 U.S.C. § 283, enjoining Waters and all persons in active concert or participation with Waters from any further infringement of the patents-in-suit;

e) An award of interest and costs;

f) A declaration that this case is exceptional within the meaning of 35 U.S.C. § 285 and an award of PerkinElmer's reasonable attorneys' fees in prosecuting this action; and

g) Such other and further relief at law or in equity as the Court deems just and proper.

## Jury Demand

PerkinElmer Health Sciences, Inc. hereby demands trial by jury on all claims and issues so triable.

Respectfully submitted,

PLAINTIFF, PERKINELMER HEALTH SCIENCES, INC.,

By its attorney,

/s/  Douglass C. Lawrence
Douglass C. Lawrence, BBO# 657362
Day Pitney LLP
One International Place
Boston, MA  02110
Tel:  (617) 345-4600
Fax:  (617) 345-4745
dclawrence@daypitney.com

OF COUNSEL:

Elizabeth A. Alquist
Day Pitney LLP
242 Trumbull Street
Hartford, CT  06103
Tel.:  (860) 275-0100
Fax: (860) 275-0343
eaalquist@daypitney.com

Jonathan B. Tropp
Day Pitney LLP
One Canterbury Green
Stamford, CT  06901
Tel.: (203) 977-7300
Fax: (203) 977-7301
jbtropp@daypitney.com

Dated:  February 29, 2012